George H. Connell, Jr., Office of George H. Connell, Jr., Atlanta, Ga., for Carol B. Bradway and David E. Bradway.

Matthew Henry Patton, Judith Ann Powell, Kilpatrick & Cody, Atlanta, Ga., Karen S. Lipton, Washington, D.C., pro hac vice, for American National Red Cross.

**Carol B. BRADWAY, et al., Plaintiffs,**

v.

**AMERICAN NATIONAL RED CROSS, Defendant.**

**Civ. A. No. 1:89–CV–1073–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 16, 1990.

ORDER

SHOOB, District Judge.

Presently before the Court are the following motions: (1) plaintiffs' motion to compel discovery; (2) defendant's motion for a protective order; (3) plaintiffs' motion for leave to file a supplemental brief; and (4) plaintiffs' motion for leave to file an affidavit. Both sides also have filed objections to affidavits submitted by the opposition. In addition, defendant filed a motion to compel discovery (now moot with the exception of a request for attorney's fees) and a motion to extend discovery (to a deadline that passed ten months ago); plaintiff filed a motion to extend discovery (to a deadline that passed eight months ago) and a request for oral argument. Fortunately, it appears that the parties have declared a summer cease-fire, so the Court now can attempt to provide a framework for the orderly completion of discovery.

The complaint in this case alleges that plaintiff Carol B. Bradway contracted acquired immune deficiency syndrome ("AIDS") after she received contaminated

blood during a transfusion performed at Emory University Hospital on April 7, 1983. The complaint further alleges that American National Red Cross ("Red Cross"), which collected and supplied the blood used in the transfusion, knew or should have known that the blood was contaminated. Plaintiffs believe Red Cross has been negligent in its blood collection practice, and that this negligence is the proximate cause of Ms. Bradway's illness.

Plaintiffs' motion to compel discovery and defendant's motion for protective order raise the only substantive issues involved in this discovery dispute. First, defendant seeks to limit release of documents concerning its policies and procedures for the collection, processing, and distribution of blood. Second, plaintiff wishes to obtain unredacted donor cards for each individual who gave blood that may have been provided to Ms. Bradway. Defendant insists that only redacted donor cards should be provided. For the reasons stated below, the Court agrees with defendant that it is not possible to reveal donor identities without undermining Red Cross efforts to maintain an adequate and safe blood supply in the United States. The Court finds, however, that a protective order governing all other Red Cross internal, non-public documents is not warranted. The Court therefore will grant in part and deny in part plaintiff's motion to compel and defendant's motion for a protective order.

## DISCOVERY OF RED CROSS DOCUMENTS

■ Plaintiffs seek an order compelling full responses to their first request for production of documents. Defendant claims that release of those documents, which it characterizes as business records that reveal internal, non-public Red Cross policies and procedures for the collection, processing and distribution of blood, should be conditioned on entry of a protective order precluding public disclosure of its policies and procedures. Defendant argues that release of those documents should be limited under Rule 26(c)(7) of the Federal Rules of Civil Procedure, which authorizes the Court to limit discovery of "trade se-

cret or other confidential research, development, or commercial information." Defendant claims that, although Red Cross' policies and procedures may not be trade secrets *per se*, they are "confidential research" and "development" materials that should fall within Rule 26(c)(7).

Red Cross is concerned that release of its records may mislead and confuse the public as to its current blood collection practices, specifically AIDS testing procedures. Red Cross argues that future donors may lose confidence in the blood collection system, thus threatening the adequacy of the blood supply. Red Cross also claims that other transfusion facilities may depend on incomplete or outdated information in conducting their activities, which would harm the public.

While the Court understands defendant's concerns, it does not agree that release of information about past practices and procedures will mislead the public as to current practices and procedures. To the extent that such release highlights how Red Cross has improved its practices and procedures, public confidence in the safety and adequacy of the blood supply may be enhanced. Likewise, the Court suspects that Red Cross has underestimated the ability of other transfusion facilities to distinguish between outdated procedures and current practices. Red Cross has an important mission, but the critical nature of its activities does not authorize Red Cross to dictate what information the public is capable of understanding.

The Court agrees with plaintiffs that documents involving Red Cross' policies and procedures are not different from business records requested during discovery in other cases. The fact that plaintiff requests documents from 1982 should not have any effect on blood procedures performed today. Defendant fails to show any compelling reason as to why it may be unusually annoyed, embarrassed, oppressed, or unduly burdened in providing opposing counsel with the documents. The Court therefore finds that defendant has failed to meet its burden of persuasion for entry of a protective order and grants

plaintiffs' motion to compel discovery of documents concerning Red Cross policies and procedures.

## DISCLOSURE OF DONOR IDENTITIES

■ Plaintiffs also seek disclosure of the identities of individuals from whom Red Cross obtained the blood that was ultimately given to Ms. Bradway. To comply with that request, Red Cross would need to disclose the identity of a large number of donors. Instead, Red Cross has agreed to provide redacted donor records and test results, without revealing donor identities. Red Cross maintains that disclosure of donor identities would infringe the privacy rights of donors and would jeopardize the adequacy and safety of the volunteer blood supply. Moreover, Red Cross maintains that redacted donor information constitutes a "less onerous alternative" to the discovery sought by plaintiffs, thus authorizing entry of a protective order. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir.1987).

Plaintiffs argue that they have a right to know whose blood infected Ms. Bradway with AIDS. Without the identities, plaintiffs contend that they may not be able to bring a cause of action, if any exists, against the correct donor. More important, plaintiffs maintain that the donors may have relevant information as to the accuracy and/or negligence of Red Cross' blood screening and testing methods. Plaintiffs insist that disclosure will not deter safe blood donations or reduce the national blood supply, but would deter those in a high-risk group from giving blood. As a result, plaintiffs contend, disclosure would make the blood supply safer. At most, according to plaintiffs, a protective order should be entered barring public disclosure of donor identities.

The Court agrees with defendant that a protective order precluding release of donor identities is warranted. The Court empathizes with plaintiffs and their desire to obtain all possible information about what caused Ms. Bradway's illness. But this lawsuit involves the policies and practices of defendant, and adequate information is available concerning Red Cross without disclosure of donor identities. Moreover, the Court shares defendant's concern with the privacy rights of donors and the danger to the nation's blood supply that could flow from disclosure of donor identities.

Consideration of a motion for a protective order always involves a balancing of one party's interest in disclosure against the opposition's desire to maintain confidentiality. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985). The Court finds that plaintiffs' need for the information sought here does not outweigh defendant's concern with protecting the adequacy and safety of the blood supply. *Accord Doe v. American Red Cross Blood Services*, 125 F.R.D. 646 (D.S.C.1989). The Court therefore denies plaintiffs' motion to compel disclosure of donor identities.

## CONCLUSION

The allegations raised in this lawsuit provide a sober reminder of the sweeping and tragic nature of the AIDS epidemic. The Court understands that both sides have much at stake in this lawsuit. The Court cautions counsel, however, that the significance of the claims raised in a lawsuit does not authorize counsel to refuse to work together to resolve discovery disputes. The Court has not attempted to address every claim raised in the numerous pleadings filed by the parties; the Court has focused instead on what appear to be the most substantial and divisive issues, with the expectation that counsel will resolve on their own any remaining disagreements. The Court further cautions counsel that, while attorney's fees will not be awarded at this time, the Court will consider severe sanctions under Rule 37 of the Federal Rules of Civil Procedure if any future discovery disputes occur in this litigation.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion to compel discovery and GRANTS IN PART and DENIES IN PART defendant's motion for a protective order. The Court GRANTS plaintiffs' motion for leave to file a supplemental brief and plaintiffs' motion for leave to file affidavits *nunc pro tunc*. The Court OVERRULES the objections to

affidavits submitted by both parties. The Court DENIES AS MOOT defendant's motion to compel discovery and the Court DENIES AS MOOT the motions to extend discovery submitted by both parties. The Court DENIES plaintiffs' request for oral argument. The Court DIRECTS the parties that all discovery required by this order must be provided within thirty days. The Court further DIRECTS the parties that, if additional time is needed to complete other discovery, counsel should submit an appropriate joint motion for a final extension of the discovery period within thirty days of the date of this order.

IT IS SO ORDERED.